UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-460-H

PARIS PACKAGING, INC.                                                                                  PLAINTIFF

V.

FLINT GROUP NORTH AMERICA CORP.                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Paris Packaging, Inc., filed a motion to compel Defendant, Flint Group North America Corp., to produce all information and documents related to tests performed by Defendants regarding the flammability of its black ink. Defendant claims that all such information and documents are non-discoverable work-product. For the reasons that follow, the Court agrees and, in fairness to Plaintiff, modifies the discovery schedule.

Federal Rule of Civil Procedure 26(b)(3) governs the work-product doctrine. *See In re Professionals Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009); Fed. R. Civ. P. 26(b)(3). "Rule 26(b)(3) protects (1) 'documents and tangible things'; (2) 'prepared in anticipation of litigation or for trial'; (3) 'by or for another party or its representative.'" *In Re Professionals*, 578 F.3d at 438 (citing *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2007)). Plaintiff argues that the requested information and documents are not protected because Defendant's counsel was not involved in the testing in any way. Furthermore, Plaintiff claims that a determination as to whether the requested information was prepared in anticipation of litigation for trial requires *in camera* inspection by the Court.

Federal Rule 26(b)(3) is not limited to the work product of an attorney. In fact, the rule

explicitly protects work prepared by a party's "representative," including attorneys, insurers, agents and more. *See* Fed. R. Civ. P. 26(b)(3)(A). Defendant claims that its officers, who were the ones that decided to conduct the testing, are representatives of the corporation. The Court agrees that a corporation's officers are acceptable representatives for purposes of the rule.

To determine whether a document was prepared in anticipation of litigation, the Court asks: "(1) whether that document was prepared 'because of' a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable." *In re Professionals Insurance Co.*, 578 F.3d at 439 (citing *U.S. v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006)). Contrary to Plaintiff's assertion, the Court can make such a determination without an *in camera* inspection of the documents in this case. Defendant conducted the testing on April 23 and 24, 2009, because it's officers became aware of reports that KFC Popcorn Chicken cartons using Defendant's ink were catching fire in microwaves. Certainly, Defendant had a subjective anticipation of litigation. The fact that KFC had already filed suit against Plaintiff when the testing was performed speaks to the objective reasonableness of that belief.

Rule 26(b)(3)(A)(ii) allows for the discovery of work-product if the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 23(b)(3)(A)(ii). Plaintiff made no such showing.

In fact, Plaintiff says that in light of Defendant's refusal to comply with its discovery requests, it recently retained its own expert, ICSET combustion laboratory, to test Defendant's ink. According to Plaintiff's motion, it should have already received the results of the testing.

The problem is that its discovery deadline was February 7, 2011. The Court has broad discretion in determining whether to exclude untimely disclosures of expert testimony. *Pride v. BIC Corp.*, 218 F.3d 566, 578-79 (6th Cir. 2000). Plaintiff should have retained its own expert long ago instead of trusting upon the results from Defendant's tests. Nonetheless, the Court will allow Plaintiff to introduce its expert testimony because the Court does not feel that allowing such testimony will unfairly prejudice Defendant. The Court will modify the current litigation schedule accordingly. When appropriate, any party may request a trial date.

IT IS HEREBY ORDERED that Plaintiff's motion to compel is DENIED.

IT IS FURTHER ORDERED that the litigation schedule has been modified as follows:

**Plaintiff's expert disclosure: May 5, 2011**

**Defendant's expert depositions: May 25, 2011**

**All Dispositive Motions: June 24, 2011**

**Responses to any dispositive motions: July 25, 2011**

**Replies to any dispositive motions: August 9, 2011**

cc: Counsel of Record